UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE MENDEZ RODRIGUEZ, *et al.*,

Petitioner, v.

JULIO HERNANDEZ, *et al.*,

Respondent.

CASE NO. 2:26-cv-02620-GJL

ORDER DENYING PETITIONER SARON HABTE'S PETITION AS MOOT

Petitioner Saron Habte, through counsel, initiated this action seeking federal habeas relief from her immigration detention and injunctive relief addressing the ongoing possibility of re-detention. Dkt. 1. Since filing her Petition, however, Petitioner has been released from immigration detention and granted asylum in the United States. *See* Dkt. 8. Under these circumstances, the Parties agree that Petitioner's claims no longer present a live controversy. *See* Dkt. 9 at 1 n.1; Dkt. 13 at 2 n.1. Accordingly, Petitioner Habte's habeas Petition is **DENIED as moot**.[1]

[1] Petitioner Saron Habte jointly filed her claims for federal habeas relief with Petitioner Jose Mendez Rodriguez. Dkt. 1. The Court addresses only the habeas claims of Petitioner Habte and addresses those by Petitioner Mendez Rodriguez in a separate Order. In addition, on July 31, 2026, the Court ordered Petitioners to show cause why their jointly filed Petition should not be severed or dismissed for improper joinder. *See* Dkt. 5. Because Petitioner Habte's claims are now moot, it is unnecessary to address the possibility of misjoinder in this action.

## I. DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, Petitioner has been released from immigration detention and granted asylum in the United States. *See* Dkt. 8; Dkt. 9 at 1 n.1; Dkt. 13 at 2 n.1. In light of Petitioner's grant of asylum, there is no longer a basis for her continued detention, monitoring, or re-detention by immigration officials. Accordingly, Petitioner's request for immediate release and her request for prospective relief concerning possible re-detention no longer present a live controversy. Further, it is undisputed that there is no remaining collateral consequence that could be redressed through habeas relief. Her habeas Petition is therefore moot.

## II. CONCLUSION

For the foregoing reasons, Petitioner Habte's Petition (Dkt. 1) is **DENIED as moot**, and Petitioner's claims are **DISMISSED**.[2]

Dated this 28th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge

[2] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.